ON APPLICATION FOR REHEARING
The opinion of November 15, 1991, is withdrawn and the following opinion is substituted therefor.
The plaintiff, Christopher C. Miller, appeals from a summary judgment entered in favor of the defendant, Rand McNally 
Company, in an action alleging liability under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") for injuries Miller sustained in an automobile accident.
On August 18, 1988, Miller was injured in a one-vehicle accident while he was transporting gasoline from Mobile to Andalusia *Page 1368 
during the course of his employment as a truck driver for Radcliff Marine Supply Company.[1] In his deposition, Miller testified that prior to the accident he had referred to a road map published by Rand McNally, to determine the route from Mobile to Andalusia. Miller sued Rand McNally, alleging that the map he referred to "is incorrect and defective in that it incorrectly depicts the intersection of U.S. Highways 31 and 84" and that the "map was defectively drawn, manufactured, produced, sold, and distributed by [Rand McNally]." In his deposition, Miller testified that the sole reason for his claim against Rand McNally is that the "map depicts the intersection differently than it appears on the ground."
Miller argues that the duty imposed by the AEMLD upon manufacturers, suppliers, and sellers of products placed within the stream of commerce in this state is applicable to Rand McNally. Miller argues that the map referred to on the day of the accident is a defective product, and he argues that Rand McNally, as one engaged in the business of selling maps, breached a duty owed to him by placing the defective product into the stream of commerce.
In order to establish liability under the AEMLD, the plaintiff must show:
 "(1) [H]e suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
 "(a) the seller is engaged in the business of selling such a product, and
 "(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
 "(2) Showing these elements, the plaintiff has proved a prima facie case although
 "(a) the seller has exercised all possible care in the preparation and sale of his product, and
 "(b) the user or consumer has not bought the product from, or entered into any contractual relation with, the seller."
Casrell v. Altec Industries, Inc., 335 So.2d 128, 132-33
(Ala. 1976).
Reviewing the record before us, we agree that Miller did not present substantial evidence that the highway map was defective. Accordingly, the trial court's summary judgment is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED; APPLICATION OVERRULED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.
[1] The tractor-trailer Miller was driving at the time of the accident was manufactured by Polar Tank Trailer, Inc., which was named as a defendant; the claims against it are pending and it is not a party to this appeal. The summary judgment entered in favor of Rand McNally was made final pursuant to Rule 54(b), A.R.Civ.P.